**POSNER, et al v. M. R. HARRISON CONSTRUCTION CORP., et al.**

No. 70-9604.

Circuit Court, Dade County.

August 31, 1971.

Irving Cypen of Cypen & Nevins, Miami Beach, and Ira M. Elegant, Miami, for the plaintiffs and the cross-defendant.

Mallory H. Horton of Horton & Schwartz, Miami, for the defendant.

JOSEPH NESBITT, Circuit Judge.

This cause came on for final hearing and trial before the court without a jury upon the issues made by the counterclaim of the defendant, M. R. Harrison Construction Corp. ("Harrison" hereafter), the answer thereto by the plaintiffs and the answer of the defendant Harrison to the counterclaim of the plaintiffs. The defendant Harrison had counterclaimed in a declaratory decree action brought by the plaintiffs in which it had sought to foreclose a mechanic's lien against the following described real property owned by the crossdefendant, Security Management Corp. — [legal description omitted].

The construction of the improvements known as Victorian Plaza Apartments, formerly known as the Versailles Plaza Apartments, situated on the above described property was contracted for by the plaintiffs. The mechanic's lien foreclosure arose out of the construction of the Victorian Plaza Apartments. The plaintiffs, in their counterclaim, sought damages against Harrison for failure to follow plans and specifications and unworkmanlike construction in erecting the Victoria Plaza Apartments. Harrison claimed a mechanic's lien in the total sum of $457,407.72 (the original claim was $461,875.27 less the claim of Metallic Engineering Co., Inc., a subcontractor, in the amount of $4,467.55, which was compromised prior to trial by the plaintiffs). These amounts were stipulated to by the parties. On the last day of the trial, the agreed upon amount claimed by the contractor was reduced to $312,505.42 due to settlements made by the plaintiffs directly with Belin Electric, Inc. ($44,703.37); Frank R. Inscho & Associates, Inc. ($63,560.60), and the Dublin Company ($36,638.33).

The court heard the testimony of approximately forty witnesses over a period of twelve non-consecutive days. Based upon all the testimony and evidence presented before the court, the court finds as follows —

That as to the measure of damages in contest between an owner and general contractor or subcontractor, there are generally two measures of damages for the breach of a construction contract, namely, the cost of correction or the difference in value rules. The court finds that both the "cost" rule and "diminution of value" rule should be applied in this case, because the components of the building complained of are clearly separable. In addition, I find there is a real and substantial difference between the nature and magnitude of defects complained of with respect to the several components of the building.

That the plaintiff owner has established by competent substantial evidence under the "cost of repair" rule that the pool deck/garage roof as well as the north and south ramps were not constructed by Harrison in accordance with the plans and specifications and in a workmanlike manner.

That the reasonable cost of repairing the pool deck/garage roof and the north and south ramps is the sum of $45,409.

That with respect to the remaining defects of which the plaintiff owner complained except those set forth hereinabove, I find that Harrison did not fully perform the terms of its agreement but that it would be unreasonable and constitute economic waste to apply the "cost of repair" rules so as to require the other defects to be replaced or torn down. In addition, these components are capable of being utilized by the owner or their tenants and therefore to compensate the owner I find the sum of $25,000 is a reasonable sum for that purpose.

That Harrison is entitled to reimbursement for all change orders since it appears from the testimony and evidence that the contract was in part modified and strict compliance waived.

That the court is reluctantly unable to make any allowance to the owner for the defective refrigerators, because the negligent act on the part of the defendant did not arise out of any contractual duty owed. Promissory estoppel is not recognized in this state.

The award of attorney's fees to either or both parties and the amounts thereof, together with costs will be determined by the court at a hearing for that purpose on October 29, 1971 at 2 p.m.

Based upon the foregoing findings, it is ordered and adjudged that the defendant, M. R. Harrison Construction Corp., a Florida corporation, do have and recover of and from the plaintiffs, Victor Posner, Gail P. Carr and Steven N. Posner, not individually but solely as co-trustees of Victor Posner Trust no. 6 and the cross-defendant, Security Management Corp., the sum of $242,096.42, plus interest on said sum at six per cent from February 13, 1970,

in the amount of $22,396.14 for a total sum of $264,502.56 to be paid no later than 15 days from the date hereof or if said sum is not paid within said time the defendant may proceed against the transfer of lien bond wherein Continental Casualty Company, Inc., an Illinois corporation, as surety, is held and firmly bound unto the state of Florida for the use and benefit of M. R. Harrison Construction Corp. Subsequent to the filing of the claim of lien by the defendant, plaintiffs transferred the lien to security under the provisions of Fla. Stat. §713.24. Pursuant to the provisions of Fla. Stat. §713.24 upon filing said bond, the claim of lien of the defendant was transferred from the real property to the security, and upon the filing of a certificate of transfer by the clerk, the above described real property thereupon was released from the lien claimed and such lien was transferred to the security.

This court retains jurisdiction to hear and determine the question of award of attorney's fees, the amount thereof and costs at the day and time hereinabove set forth.